### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| LESZEK ZYGA ) | |

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged tax offenses.

EVIDENCE SOUGHT:

The Polish authorities seek information from a company in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

>                              Respectfully submitted,
>
>                              COLM F. CONNOLLY
>                              United States Attorney
>
>                         BY:  /s/ Richard G. Andrews
>                              Richard G. Andrews
>                              Assistant U.S. Attorney
>                              Delaware Bar I.D. No.2199
>                              1007 N. Orange Street
>                              Wilmington, DE   19801
>                              (302) 573-6277

Dated: 3/31/06

Certified translation from the Polish language

/national emblem of the Republic of Poland/
**REPUBLIC OF POLAND**
**MINISTRY OF JUSTICE**
**NATIONAL PROSECUTOR'S OFFICE**
Department of International Legal Affairs
fax 48 22 628-1682

Warsaw, October 20, 2005

PR III Oz 3277/05/P

           U.S. Department of Justice
           Office of International Affairs
           1301 New York Avenue NW.
           Suite 800
           Washington D.C. 20005

By virtue of article 1 of the treaty between the Republic of Poland and the United States of America on legal assistance in criminal matters of July 10, 1996, enclosed herewith please find a request issued by the District Prosecutor in Cracow dated October 13, 2005, number VI Ds. 43/04/S, for legal assistance in the case against Leszek Zyga and others – along with its English translation – with a kind request to have it executed.

In further correspondence please quote our reference PR III Oz 3277/05/P.

Kind regards

Head of Department
of International Legal Affairs

Andrzej Kępiński

*Oblong seal*:
Józef Gemra
/-/ illegible signature
Prosecutor of the National Prosecutor's Office

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTRY of JUSTICE".



/national emblem of the Republic of Poland/
**DISTRICT PROSECUTOR**
**IN CRACOW**

Cracow, October 13, 2005

Number VI Ds. 43/04/S

## REQUEST
### for legal assistance
### in a criminal matter

The District Prosecutor's Office in Cracow is conducting an investigation under file reference number VI Ds. 43/04/S against Leszek Zyga and others, suspected of an offense under article 299 paragraph 5 and paragraph 6 of the Criminal Code in connection with article 299 paragraph 1 of the Criminal Code and others.

~~Leszek Zyga is charged with the following:~~

**I.**
In the period not shorter than from February 20, 2004 through June 22, 2004 in Bramki, Cracow and other locations nationwide, in execution of a prior intention, within the framework of an organized criminal group having the objective of perpetration of offenses against property, business and credibility of documents, for the purpose of obtaining considerable property benefit, according to an adopted and accepted division of roles and tasks in execution of individual criminal undertakings, acting in short time intervals, as President of the Board of Directors of the firm Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki, 40 Łódzka street, jointly and in conspiracy with Dariusz Klimasz, Robert Jachymczak, Henryk Lewandowski, and other established persons, with respect to whom separate criminal proceedings are conducted, and other established and not established persons animating the activity of other business entities used within the framework of the criminal group, through the agency of Robert Jachymczak and Dariusz Klimasz appearing on behalf of Małopolskie Centrum Finansowe Limited Liability Company with offices in Myślenice, he placed orders for delivery of Diesel oil, knowing that the merchandise delivered to him was actually an oil derived, excise tax exempt product manufactured in the Trzebinia Refinery Public Limited Company, Jedlicze Refinery Public Limited Company, and the Center for Development Research of the Refinery Industry in Płock, not meeting the standards provided for Diesel fuel and not approved for sale as fuel for high compression Diesel engines. These orders were subsequently forwarded from firms involved in the organized criminal group to indicated refineries through the agency of Konsorcjum Victoria Public Limited Company with offices in Warsaw, and subsequently, following delivery directly from the Trzebinia Refinery Public Limited Company, Jedlicze Refinery Public Limited Company, and the Center for Development Research of the Refinery Industry in Płock, to the firm LEMARK of the indicated products by virtue of forged sale invoices and forged waybills, by misleading subsequent buyers as to the quality and technical parameters of the product offered for sale, and by concealing the fact that the offered product was not Diesel fuel but an excise tax exempt, oil-derived product, he defrauded an as yet undetermined number of business entities for a considerable amount of at least 9 057 836.02 PLN,
that is an offense under article 286 paragraph 1 of the Criminal Code in connection with article 294 paragraph 1 of the Criminal Code in connection with article 270 paragraph 1 of the

Criminal Code in connection with article 11 paragraph 2 of the Criminal Code in connection with article 12 of the Criminal Code in connection with article 65 paragraph 1 of the Criminal Code.

**II.**
In the period from October 22, 2004 through November 25, 2004 in Bramki, Warsaw and other locations nationwide, in execution of a prior intention, within the framework of an organized criminal group having the objective of perpetration of fiscal offenses and offenses against property, business and documents, for the purpose of obtaining considerable property benefit, according to an adopted and accepted division of roles and tasks in execution of individual criminal undertakings, acting in short time intervals, as President of the Board of Directors of the firm Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki, jointly and in conspiracy with Dariusz Klimasz, Robert Jachymczak, Henryk Lewandowski, Marek Gronkowski, Tomasz Serafin and other established persons, with respect to whom separate criminal proceedings are conducted, and other established and not established persons animating the activity of other business entities used within the framework of the criminal group, he marketed in the territory of Poland Diesel fuel imported from abroad without payment of due excise tax, in yet undetermined quantity among 1 379 860 liters, with respect to which the value of unpaid excise tax due to the State Treasury was not less than 1 627 114.80 PLN, knowing that the Diesel fuel purchased by the LEAMARK firm was not excise taxed, with simultaneous production by the members of the group of fictitious sale invoices for the purpose of using them as authentic ones in order to confirm legality of purchase of the Diesel fuel from business entities operating in Poland, whereby damage to the State Treasury amounted to at least 1 627 114.80 PLN,
that is an offense under article 63 paragraph 2 of the Criminal Code in connection with article 62 paragraph 2 of the Fiscal Criminal Code in connection with article 37 paragraph 1 item 1, 2 and 5 of the Fiscal Criminal Code in connection with article 6 paragraph 2 of the Fiscal Criminal Code in connection with article 7 paragraph 1 of the Fiscal Criminal Code.

**III.**
In the period from February 20, 2004 through June 22, 2004 in Bramki, Cracow and other locations nationwide, in execution of a prior intention, within the framework of an organized criminal group having the objective of perpetration of offenses against business and documents, for the purpose of obtaining considerable property benefit, according to an adopted and accepted division of roles and tasks in execution of individual criminal undertakings, jointly and in conspiracy with Dariusz Klimasz, Robert Jachymczak, and other established persons, with respect to whom separate criminal proceedings are conducted, and other established and not established persons, acting in short time intervals, as President of the Board of Directors of the firm Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki, he took actions aiming at preventing or significantly hindering determination of criminal origin of funds in considerable amount of at least 9 057 939.02, originating from proceedings of prohibited acts, or their place of storage, discovery, seizure or adjudication of forfeiture in this way that:
- holding a bank account opened for Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki at 40 Łódzka street in Bank Przemysłowo-Handlowy Public Limited Company of number ▓▓▓▓▓▓ he transferred to the bank account of Małopolskie Centrum Finansowe Limited Liability Company operated at Raiffeisen Bank Public Limited Company of number ▓▓▓▓▓▓ on account of alleged

payment for delivery of Diesel fuel, covered by a factoring contract concluded between the firms Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company and Małopolskie Centrum Finansowe Limited Liability Company, money originating from frauds committed to the detriment of retail consumers of Diesel fuel, consisting in misleading these consumers as to the product actually sod by Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company, constituting in fact an excise tax exempt oil-derived product not admitted for sale as Diesel fuel for high compression engines, knowing that none of the transactions of purchase of Diesel fuel described in the transfers ever took place in actual business, and the effected bank settlements were a sham operation

that is an offense under article 299 paragraph 5 and paragraph 6 of the Criminal Code in connection with article 299 paragraph 1 of the Criminal Code in connection with article 65 of the Criminal Code in connection with article 12 of the Criminal Code

**IV.**
In the period from October 22, 2004 through November 25, 2004 in Bramki, Cracow, Warsaw and other locations nationwide, in execution of a prior intention, within the framework of an organized criminal group having the objective of perpetration of offenses against business and documents, for the purpose of obtaining considerable property benefit, according to an adopted and accepted division of roles and tasks in execution of individual criminal undertakings, jointly and in conspiracy with Dariusz Klimasz, Robert Jachymczak, Henryk Lewandowski, Marek Gronkowski and other established persons, with respect to whom separate criminal proceedings are conducted, and other established and not established persons, acting in short time intervals, as President of the Board of Directors of the firm Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki, he took actions aiming at preventing or significantly hindering determination of criminal origin of funds in considerable amount of at least 3 403 279.81 PLN, originating from proceedings of prohibited acts, or their place of storage, discovery, seizure or adjudication of forfeiture in this way that:

- holding a bank account opened for Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki at 40 Łódzka street in Bank Przemysłowo-Handlowy Public Limited Company of number ███████ he transferred to the bank account of the firm Energo Eco Tech Limited Liability Company with offices in Myślenice, operated at Bank Przemysłowo-Handlowy Public Limited Company of number ███████ on account of payment for delivery of Diesel fuel, money originating from sale by Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company of Diesel fuel manufactured abroad and marketed in contravention of the obligation to pay excise tax

that is an offense under article 299 paragraph 5 and paragraph 6 of the Criminal Code in connection with article 299 paragraph 1 of the Criminal Code in connection with article 65 of the Criminal Code in connection with article 12 of the Criminal Code

**V.**
In the period from February 20, 2004 through November 25, 2004 in Bramki, Cracow, and other locations nationwide, acting jointly and in conspiracy with Dariusz Klimasz, Robert Jachymczak, Henryk Lewandowski, Marek Gronkowski and other established persons, with respect to whom separate criminal proceedings are conducted, and other established and not established persons, he participated in an organized criminal group having the objective of

perpetration of fiscal offenses, offenses against property, business and credibility of documents,
that is an offense under article 258 paragraph 1 of the Criminal Code.

As has been established in the course of the investigation, residing in Poland citizen of the Ukraine Andriy Persona – Kononenko is conducting activity within the framework of three business entities: "ALC" Limited Liability Company with offices in Warsaw at 33 Jastrzębia street, "ATRIUM HOUSE" Limited Liability Company with offices in Warsaw at 34/6 Łukaszczyka street, "INTERPRO" INC with offices in Warsaw at 9 Leskowa street, and "FINANCIAL-INDUSTRIAL COMPANY "ALC" LLC with offices in Kiev at 43/11 Moskovskaya street.

The subject of activity of all the above firms – according to the statement of Andriy Persona – Kononenko – is primarily consulting, legal support of companies, sale of technologies. However, the primary source of income of the mentioned is agency under the firm "ALC" with offices in Warsaw in trade in liquid fuels, in particular – Diesel fuel.

The principal contracting party of the firm "ALC" with offices in Warsaw in the scope of trade in liquid fuels was Przedsiębiorstwo Handlowo-Usługowe LEMARK Limited Liability Company with offices in Bramki at 40 Łódzka street. In the period from May 2003 through March 2004 the firm "ALC" sold to Przedsiębiorstwo Handlowo-Usługowe LEMARK Diesel fuel originating from OAO "LUKOIL" Mozyr Refinery in Byelorussia. In the period indicated above, the president of the Board of Directors of the LEMARK company was Leszek Zyga. Funds constituting payment on account of sale of Diesel fuel were subsequently transferred from accounts of the firm "ALC" for the most part directly to accounts of entities registered in so-called "tax havens" and in the United States of America, or transferred there after prior forwarding to accounts of other firms managed by Andriy Persona – Kononenko.

The accounts of the mentioned firms managed by Andriy Persona – Kononenko were credited in the period from May 2002 through March 2004, without specification of title for the transfers, also by a dozen or so Polish enterprises, most of which did not conduct any activity that could generate revenues. These funds were also transferred to accounts of entities registered in "tax havens" or in the United States of America.

The contested transfers of funds from the accounts of the forms "ALC", "ATRIUM HOUSE" and "INTERPRO INC", in the light of the evidence hitherto collected in the course of the preliminary proceedings, do not show any economic rationale.

Establishments of the investigation indicate that entities managed by Andriy Persona – Kononenko effected transfers of funds to the accounts of the following companies registered in the **United States of America:**

- in the period from May 2003 through March 2004, the firm "ALC" with offices in Warsaw transferred funds to the account number ███████ operated by PAREX BANK in Riga (Latvia) for "AQUATRANS" LC with offices in **Montpelier, Vermont**

- in the period from July 2003 through March 2004, the firm "ALC" with offices in Warsaw transferred funds to the account number ███████ operated for the firm "CAROL TRANSPORT LIMITED COMPANY", 531 Howard Avenue, **Billings, 59101 Montana**

- in the period from May 2002 through October 2003, the firm "INTERPRO INC" with offices in Kiev transferred funds to the account number ▮▮▮ operated by the bank of code ▮▮▮ for the company "LEVIND TRADE" LLC, 12260 Willow Grove road BLAG 2, Camden DE 19934, County of Kent, Delaware

I. In connection with the above, I kindly request, by way of legal assistance, forwarding of copies of documents related to the establishment of the firms AQUATRANS, "CAROL TRANSPORT LIMITED COMPANY" and "LEVIND TRADE", including particulars of the shareholders, members of the Board of Directors, and scope of activity of the individual entities, copies of documents connected with operation of bank accounts for the firms "CAROL TRANSPORT LIMITED COMPANY" and "LEVIND TRADE", and in particular documents related to the establishment of the accounts, statements of operations in the accounts of numbers ▮▮▮ and ▮▮▮ in the periods specified above, copies of documents identifying persons or firms effecting deposits and withdrawals from the accounts and authorizations to use the accounts.

II. I also request interview as witnesses of the presidents of the Boards of Directors, managers or other executives of the firms "AQUATRANS", "CAROL TRANSPORT LIMITED COMPANY" and "LEVIND TRADE", as to the circumstances of profile of activity of the firm, contracting parties, including "ALC" with offices in Warsaw or "INTERPRO INC" with offices in Kiev, the character of cooperation with the indicated entities, type of transactions effected therewith, forms of payment and possible relations with Andriy Persona – Kononenko.

Please have the testimonies of the witness put on record and transfer to this Prosecutor's Office the original and a copy of the record of interview of the witness, signed on each page by the witness, the interviewer, the reporter, and possibly other persons if such participated in this procedural action.

Prior to interview, please have the witnesses advised of the content of article 233 paragraph 1 and article 183 paragraph 1 of the Code of Criminal Procedure, inasmuch as this is not contrary to the regulations of the law valid in the United States of America.

III. Please also secure and forward copies of documents, including commercial contracts, confirming cooperation of the given firm with the entities represented by Andriy Persona – Kononenko.

**Enclosed herewith please find:**
- excerpt from the regulations of the Polish Criminal Code
- excerpt from the regulations of the Polish Code of Criminal Procedure
- excerpt from the regulations of the Polish Fiscal Criminal Code



Thank you in advance for the rendered assistance.
Kind regards

/-/ illegible signature
**Henryk Sawicki**



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM POLAND )
IN THE MATTER OF ) Misc No. 06-
LESZEK ZYGA )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2006.

_____
United States District Court Judge